UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DAGGETT,

        Plaintiff,

  v.                                     Case No. 05-C-0084

RICHARD WOLLANGK, et al.,

        Defendants.

**ORDER**

The plaintiff has brought a civil rights action under 42 U.S.C. § 1983. He alleges that the defendants used excessive force in arresting him, resulting in "very substantial bodily injuries" for which he seeks $2.5 billion in compensatory damages. (Compl. at 15.) Presently before the court is defendants' motion for the release of medical records and to require the plaintiff to submit to physical examinations. Plaintiff opposes the motion.

Fed. R. Civ. P. 35(a) permits the court to order a party to submit to a physical or mental examination "[w]hen the mental or physical condition . . . of [that] party . . . is in controversy." Defendants argue that the plaintiff has placed the condition of his heart, kidneys, back, testicles, skin, and nervous system, as well as his mental condition, in controversy in this case. (Compl., Statement of Claim at 2-5.) Accordingly, they request examination by specialists in the fields of cardiology, nephrology, orthopedics, urology, neurology, dermatology, and psychology/psychiatry. Defendants have shown good cause for a medical examination of the plaintiff, though perhaps not

for seven separate examinations. Defendants do not, however, identify the specialists who are to perform the examinations, nor do they give the "time, place, manner, conditions, and scope," Fed. R. Civ. P. 35(a), of the examinations, which the court must specify in any order pursuant to Rule 35(a). The court will therefore deny defendants' motion.

Instead, the court will order plaintiff to cooperate in arranging appropriate examinations. Clearly, defendants do not want to incur the expense of arranging a medical examination if plaintiff, as he has previously suggested, will refuse to submit to such an examination. Plaintiff has placed his physical and mental condition at issue in this case and the defendants are thus entitled to medical examinations upon proper application. If plaintiff refuses to cooperate in arranging an appropriate examination, he risks dismissal of his case as a sanction.

Defendants also move to compel plaintiff to release his medical records. Although it is not clear from the motion, presumably, defendants want plaintiff to sign a medical authorization that will permit them to obtain copies of plaintiff's medical records that may be relevant to his claims. Defendants clearly have a right to such authorizations. *See Shots v. CSX Transport, Inc.*, 887 F. Supp. 206, 207-08 (S.D. Ind. 1995). Accordingly, plaintiff is ordered to sign appropriate medical authorizations permitting counsel for the defendants to obtain copies of all medical records that may be relevant to the claims he has made. Plaintiff must sign and return such authorizations, unless an objection is made to their form, not later than fifteen days after receiving them from counsel for the defendant. If plaintiff objects to the form of the authorizations, he must file his objection within fifteen days or receipt. Failure to sign the authorizations or file a proper objection within the time set forth above may result in sanctions, including dismissal of this action.

2

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Docket #68) is hereby **GRANTED IN PART AND DENIED IN PART** as set forth more fully above.

Dated this   30th   day of June, 2005.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge