UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DAGGETT,

        Plaintiff,

    v.                                              Case No. 05-C-0084

RICHARD WOLLANGK, *et al.*,

        Defendants.

**ORDER**

Plaintiff John Daggett brought this pro se civil rights action under 42 U.S.C. § 1983, alleging that officers of the Oshkosh Police Department used excessive force when they used a Taser stun gun to subdue and arrest him. Plaintiff sued not only the two officers who arrested him, but also the City Manager and the police chief, claiming that all were involved in the violation of his constitutional rights. Plaintiff claims he has suffered "very substantial bodily injuries" for which he seeks $2.5 billion in compensatory damages. (Compl. at 15.) The case is presently before me on the defendants' motion for summary judgment or, in the alternative, for dismissal based on plaintiff's refusal to allow access to his medical records and submit to a defense medical examination. Having previously warned plaintiff of the consequences of a refusal to allow access to his records and cooperate in defendants' effort to arrange a medical examination, the court grants defendants' alternative motion and orders the matter dismissed under Fed. R. Civ. P. 41(b).

In an order issued on June 30, 2005, the court advised plaintiff of his obligation to provide access to his medical records and cooperate in the defense efforts to arrange a medical examination

in view of the fact he had placed his medical condition at issue by alleging that the defendants were liable for the severe injuries he claimed to have sustained as a result of his arrest. The court expressly warned plaintiff that failure to sign the releases authorizing access to his medical records or cooperate in arranging an appropriate examination could result in sanctions, including dismissal of his case. (June 30, 2005 Order at 2.) In support of their motion seeking dismissal because of plaintiff's failure to comply with the court's order, the defendants have submitted a copy of the transcript of plaintiff's July 19, 2005, deposition. (Aff. of Richard J. Carlson, Ex. C.) A review of the transcript reveals not only plaintiff's disregard of this court's order, but his general refusal to respond to reasonable discovery requests from the defendants. For example, plaintiff refused to answer questions concerning his education, whether he was married, where he lived and when, when and where he was employed, and what if any property he owned. (Ex. C at 4-9.) Plaintiff's responses to counsel's questions concerning his alleged injuries were evasive and non-responsive. (Ex. C at 12-23.)

With respect to plaintiff's obligation to sign releases authorizing access to his medical records, the transcript reveals that although plaintiff signed the releases, he refused to initial the provisions required to show that his consent was with a full understanding of his rights under applicable state and federal laws. Absent evidence of such understanding, the releases would not be honored. Despite this fact, plaintiff refused to complete the forms, stating that all he was ordered to do was sign the forms and promptly return them. (Ex. C at 25.) When asked if he would submit to an independent medical examination, plaintiff's response was unequivocal – "No, I will not." (Ex. C at 30.)

2

Under Fed. R. Civ. P. 41(b), a district court is authorized to dismiss a case for plaintiff's failure to comply with an order of the court. *Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 872-73 (7th Cir. 2001). The record here discloses that plaintiff has refused to comply with this court's order that he cooperate with the defendant in arranging a medical examination and in providing medical releases that will give the defendants access to his medical records. The court finds that plaintiff's refusal is intentional and has resulted in substantial prejudice to the defense in that defendants have been unable to obtain any discovery concerning the nature and extent of injuries plaintiff sustained. Plaintiff, by his actions, has intentionally prevented the defendants from determining whether he sustained any injury at all or whether, as appears to be the case from the affidavits submitted in support of defendants' motion for summary judgment, plaintiff's allegation of severe injury is a sham. (Aff. of Andrew Lecker ¶¶ 18-25; Aff. of Charles Harrison ¶¶ 11-12, 15-16.)

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Docket #133) is hereby **GRANTED.** Plaintiff's claims are **DISMISSED**, with prejudice. The clerk of court shall enter judgment accordingly.

Dated this   18th   day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge